121 P.3d 724 (2005)
STATE of Washington, Respondent,
v.
Jerry S. OLINGER, Appellant.
No. 23217-4-III.
Court of Appeals of Washington, Division 3, Panel Four.
July 19, 2005.
Publication Ordered October 18, 2005.
Daniel Herbert Bigelow, Attorney at Law, Cathlamet, WA, for Appellant.
Kevin Michael Korsmo, Attorney at Law, Spokane, WA, for Respondent.
SWEENEY, J.
¶ 1 In City of Redmond v. Moore, the Supreme Court invalidated two license suspension statutes (RCW 46.20.289; RCW 46.20.324(1)) because they provided for the suspension of a driver's license without an administrative hearing. City of Redmond v. Moore, 151 Wash.2d 664, 667, 91 P.3d 875 (2004). Police arrested Jerry S. Olinger for driving with his license suspended. And they then searched him and found narcotics. He claims the arrest and subsequent search were invalid because of Moore. But driving with a suspended license is still a crime (RCW 46.20.342(1)(c)). And the arrest and subsequent search incident to that arrest were, then, valid. We therefore affirm the conviction.

*725 FACTS
¶ 2 Officer Melissa Coleman stopped Jerry Olinger because he ran a red light. Mr. Olinger's driver's license had been suspended. She arrested him and searched him incident to that arrest. She found two small baggies of methamphetamine in his waistband. Mr. Olinger told the officer it was MSM (methylsulfonylonethane), a non-controlled substance but one also used to cut methamphetamine. The State charged Mr. Olinger with one count of possession of a controlled substance  methamphetamine.
¶ 3 The State laid out the facts of the case at a bench trial. And the judge found Mr. Olinger guilty.
¶ 4 Mr. Olinger then argued that a recent Washington Supreme Court decision, City of Redmond v. Moore, invalidated the license suspension statute (RCW 46.20.342(1)(c)), which prompted his arrest, and accordingly his arrest and the subsequent search were invalid. The court sentenced Mr. Olinger and encouraged him to appeal the issue.

DISCUSSION

APPLICABILITY OF CITY OF REDMOND v. MOORE

¶ 5 We review questions of law de novo. Moore, 151 Wash.2d at 668, 91 P.3d 875; State v. Hanson, 151 Wash.2d 783, 784, 91 P.3d 888 (2004).
¶ 6 Mr. Olinger argues Moore held RCW 46.20.342(1)(c) (driving with a suspended license in the third degree) to be unconstitutional. Appellant's Br. at 5, 9. It did not.
¶ 7 The City of Redmond charged the defendants in Moore with driving with a suspended license under RCW 46.20.342(1)(c). Moore, 151 Wash.2d at 667, 91 P.3d 875. The defendants argued that their licenses were unconstitutionally suspended under RCW 46.20.289 because the statute allowed a driver's license to be suspended without an administrative hearing. Id. at 669, 91 P.3d 875. The defendants also, by extension, challenged the constitutionality of RCW 46.20.324(1). Id. RCW 46.20.324(1) denies a driver the right to a formal hearing in cases of a mandatory license suspension.
¶ 8 The Court concluded that both RCW 46.20.289 and .324(1) were facially unconstitutional: "[W]e hold RCW 46.20.289 and .324(1) are contrary to the guaranty of due process because they do not provide adequate procedural safeguards to ensure against the erroneous deprivation of a driver's interest in the continued use and possession of his or her driver's license." Moore, 151 Wash.2d at 677, 91 P.3d 875. The Court affirmed the dismissal of the charges against the defendants. Id. Its decision was based on the manner in which the defendants' licenses were suspended. Id. "[A] driver cannot be convicted of the offense of driving while license suspended where the suspension violates due process." Id.
¶ 9 Mr. Olinger challenges his conviction based solely on the argument that his initial arrest (under RCW 46.20.342(1)(c)) and the search incident to that arrest were unlawful. The arrest required only probable cause to believe a crime had been committed. State v. Gaddy, 152 Wash.2d 64, 70, 93 P.3d 872 (2004). Police here had ample probable cause to believe that Mr. Olinger's license had been suspended and that he was driving with a suspended license. The court in Moore did not declare RCW 46.20.342(1)(c) (driving with a suspended license in the third degree) to be unconstitutional. Moore, 151 Wash.2d at 677, 91 P.3d 875.
¶ 10 The arrest here was well supported by probable cause and the subsequent search was then also justified. Gaddy, 152 Wash.2d at 70, 93 P.3d 872.

PROOF OF UNWITTING POSSESSION
¶ 11 Mr. Olinger next argues that the evidence here supports his defense of unwitting possession. And but for the judge shifting the burden of persuasion to him, he argues, the court should have found that he unwittingly possessed these substances.
¶ 12 We defer to the trier of fact on factual questions. State v. Walton, 64 Wash.App. 410, 415, 824 P.2d 533 (1992). The fact finder (here the judge) is in the best position to evaluate conflicting evidence, witness credibility, and the weight to be assigned to the evidence. Id. at 415-16, 824 P.2d 533.
¶ 13 Unwitting possession requires a showing by a preponderance of the evidence that the defendant "[did not know that the substance was in [his] ... possession] [or] [did *726 not know the nature of the substance]." 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 52.01 (2d ed.1994) (emphasis added); State v. Buford, 93 Wash.App. 149, 152, 967 P.2d 548 (1998). The defense must be considered in light of all the evidence presented at trial, without regard to which party presented it. See State v. Callahan, 87 Wash.App. 925, 933, 943 P.2d 676 (1997).
¶ 14 And here was the evidence on this factual question. Officer Coleman testified that when she "pulled [Mr. Olinger's] shirt out from his waistband ... a clear plastic baggie fell ... to the ground." Report of Proceedings at 12. "[Mr. Olinger] immediately said that that's MSM." Id. at 13. Officer Coleman checked his waistband and a second bag fell to the ground. "[Mr. Olinger] stated that he was going to give the horse MSM ... to his dog." Id. at 14. Sheri Jacobson, a forensic scientist, testified that the baggies did contain MSM, along with methamphetamine.
¶ 15 The trial court noted: "[T]he defendant put on no evidence, none whatsoever; did not take the stand, did not in any way provide the Court with anything other than argument of Counsel that he did not know what he possessed." Id. at 34. And the manner in which the baggies were concealed "would indicate to the Court that there was some effort to conceal or otherwise not make the methamphetamine readily apparent." Id. at 34-35.
¶ 16 The court then found based on the evidence before it that Mr. Olinger failed to show unwitting possession. Mr. Olinger argues only that the court failed to consider the State's evidence. It did not. Mr. Olinger had the burden to prove his possession was unwitting. Buford, 93 Wash.App. at 152, 967 P.2d 548. He failed to do so. The trial court's comments simply highlighted the obvious  based on the State's showing, the possession here was not unwitting.
¶ 17 We affirm the conviction.
WE CONCUR: KATO, C.J., and SCHULTHEIS, J.